The next case on the calendar is U.S. Underwriters Insurance v. Orion Plumbing and Heating. May it please the Court, my name is Stephen Verveni-Otis and I represent U.S. Underwriters. The Court below erred in denying the rescission cause of action. The contract of insurance is something that when a material misrepresentation is shown, as is in this record, the party, one party to the contract, is entitled to a declaration to have the relief so as not to have to live with that contract. That's separate and apart for the other aspect of the lawsuit, which sought a declaration as to a disclaimer. As a matter of fact, yes. The magistrate judge acknowledged that sometimes that a claim for rescission can in some cases present a live case or controversy, but the focus here was on the chain of circumstances is just too attenuated in this case. I don't think it's attenuated, especially when you look at rescission. It's not attenuated because it's a live contract. And by its nature, contracts are justifiable. Kagan is your position that all rescission claims are justiciable, that there's no analysis as to attenuation, it's just we have a rescission claim, therefore we get a declaratory judgment? I'm at a disadvantage to answer that because that requires me to conceive of every possible rescission situation. What I can tell you is in this policy of insurance, in the situation where we're talking about a policy of insurance, I should clarify my answer. With respect to policies of insurance, they're different than any other kind of contract because by their nature, there's something that covers for a certain period of time for any claims that could be made. Well, I'll modify my question. Is your position that all rescission claims as to insurance policies are justiciable? I think so, because I'm at a loss to find a situation where that concept doesn't apply, perhaps where maybe a statute of limitation has expired as to possible claims, even with infants and a tolling concept. There's a lot of variables that could play. But policies of insurance apply to claims that we don't even know yet may be made. Tomorrow there could be a claim that arises from this. The right is because I have found out of a mistake, I shouldn't be bound to have to live with this contract. I evoke my right to say ab initio, from the beginning, you lied to me. I don't want to wait for another lawsuit to come. I don't want to wait for more claims to come. I want out of this contract with you because you didn't do right by me, so therefore I don't want to stand up from that. And, again, just to be clear, what your client has is a contract of insurance that was for covering claims for work done during a particular period. Yes. And even though that period was some years ago, the contract has been terminated. You no longer insure these folks. Your point is there could be claims arising from latent defects in the work. We don't know when those claims could surface in the future. The contract of insurance remains, as you put it, a live contract. Exactly. That's why I hesitated in answering the general question because I'm more familiar with policies of insurance and I understand the ramifications and contingencies involved with them. In this case, there is a live controversy. This insurance company has found out about a misrepresentation in the application process, weed out through discovery, a very meritorious claim for rescission, and it was error below, most respectfully, not to decide the issue of rescission. Simply put, this insurance company says I don't care what other claims come along in the future. I want out of this contract because I have a basis for it. And this contract with the policy was canceled four months after it was issued for nonpayment. So we're talking about a limited period of time. Yes. Agreed. Agreed. Exactly what period of time? Just the four months? I'm not sure to be honest with you how much yet. It is a limited time. But, again, because of the complications that happen, as a matter of fact, it doesn't even have to be a latent defect or a child that has a tolling period. It could just be an accident that somebody hasn't put into suit yet. It could have happened within that time period, and they could have a basis to assert that lawsuit later on. This very claim came somewhat out of the woodwork long after. Much later after we knew of the property lawsuit aspect of it. Can I ask two just factual questions? Yes. Let me clarify certain things. Number one, you are not maintaining on appeal that we should review the decision about the coverage issue, only the rescission issue. I've added it because it's part of the record below and it was part of the dismissal below. I think Your Honors would have jurisdiction to consider both of them. I have briefed both of them. Well, but then that leads to the next question, which is my understanding is that you or your client did not raise an issue about the coverage claim on review by the district court of the report and recommendation. Am I wrong about that? Correct. No, you're right. Well, so that would ordinarily deprive us or lead to a finding that that was waived. But you agree that, apart from the legal issue, you agree that you did not raise that with the district court on review of the report and recommendation. Yes, Your Honor. Okay. The second thing is I thought there was some ambiguity here and it may be relevant if we were to review the coverage claim. There was some suggestion somewhere in the briefing that you were actually funding the defense in this case? Yes. Yes, Your Honor. But I thought there was also some indication that the defendant, Orion Plumbing, had never put in any kind of claim. So I'm just confused about how that would have happened. You just undertook to do the defense of them? It was submitted to the insurance company. They took a coverage position and they've afforded a defense. I don't know, honestly, where that concept came about that they haven't undertaken it. As I understood, the court is because they have defaulted in this case, in the coverage case, and not appeared to challenge our position. I think that's what the district judge meant. But it was certainly submitted to the insurance company. The insurance company took a coverage position and is affording a defense. The matter is up on appeal. So even the argument ---- It is now affording because I also was puzzled by the statement. So it is now affording a defense in the State court. From the beginning, it has defended Orion in the underlying case. There was indeed a decision for the claimant who sued Orion, was able to prevail on the plaintiff's case, from Miller's case. That is up on appeal. And the insurance company has also paid for the appellate work on it. It continues to pay. Isn't that an argument that you are now being harmed? That there's ---- I mean, I don't ---- did you make that argument? Yes. That seems the best argument. Yes, and have always been. And for some reason, the courts below only focused on the indemnity. Since there hasn't been a judgment against Orion yet, you haven't been hurt. But we said the whole case is about both defense and indemnity, even though there hasn't been ---- But you said that on coverage. But this is ---- you said that on coverage. On both. Which is waived because you didn't object to the R&R. But this factual point, it seems to me, did you make this point about the duty to defend as there's no contingency? We're seeking rescission because we've got costs right now. Yes, Your Honor. That is throughout our whole papers. I mean, that's one of the reasons you seek rescission, because there's two obligations on the policy of insurance. You want to escape both the obligation to be indemnified and you want to escape the obligation to defend, which is going on in the underlying case and was briefed and argued to the Court and is in the pleadings in this case. The defense is just as important. I mean, as a matter of fact, in some cases where, you know, they're not good claims, they won't end up in indemnity, the defense ends up being the biggest part of the insurance company's obligation. So where should we look to find the representations about the ongoing appellate representation? I think you look in the pleading and in my pleading, my complaint in this case, and in the affidavit of the claim handler who says he's handling the underlying case, he's the guy who's afforded the defense in this case. You think that ---- It was not disputed in here. Well, nobody showed up to dispute anything. But you do the complaint contains allegations about harm that you're suffering as a result of defending? Well, it speaks to the fact that we want to a declaration to avoid defense and indemnity. I don't know how more direct I can be. You're nothing more direct than that. I mean, it identifies that there's a lawsuit with the insurance company for it and we want a judgment so that we don't have to pay defense or indemnity for it. So even if there were not evidence in the record as to we've spent X dollars on Mr. Y, lawyer, to represent this, you would still say at least until and unless the appeal is final, you still are potentially on the hook for additional defense costs? Until I get a rescission decision, which is the reason for this lawsuit. I'm trying to escape the obligation for defense costs or indemnity. I would even argue to Your Honors, even if we weren't paying for defense and indemnity, we could be liable to a lawsuit by the insured to say he incurred a million dollars in defense costs, now pay them because you have an obligation under my policy which isn't rescinded. Right. So ---- It's just odd. I think your only reference to the defense in your merits briefing is page 18, footnote 7. It's in a footnote. Is there an affirmative statement that this, the district court was wrong because it failed to account for the immediate harm of the duty to defend? Let me try to restate it, Your Honor. I think it wasn't an issue that I understood to be in dispute, and there were other parties who appeared in the case, but for the insured. Other parties appeared because the case is going on and the judge dismissed as to them saying they don't belong to this lawsuit. No one had ever at any point disputed that the lawsuit was going on. But I go back to my comment that I previously made. The reason for this lawsuit is to avoid defense and indemnity, whether I'm actually paying it or not. Like indemnity, I haven't paid yet, but it could come next week. Defense costs, even if the insured were defending themselves, I would have an obligation save for in a dispute with the insured, save for a rescission decision to pay the insured. So whether I'm actually paying the defense costs or not paying the defense costs doesn't detract from the obligation. But in terms of a case or controversy, if we don't necessarily agree that rescission in insurance cases always presents a live case or controversy, there are some aspects of your case that seem less live. This is a four-month period, that it's been six years, that Mr. Pomelo has been dismissed, and you're right, it's on appeal. If you were — if the insurance company is currently paying the appellate costs, that's a present immediate harm. I apologize for putting it in the footnote, but I should have — I didn't realize that it was going to be in dispute. My concept of rescission is you're seeking a declaration as to these known, undisputed obligations if the policy exists. So therefore, as long as the policy exists and is not rescinded, I have these obligations. There's an ongoing lawsuit, and whether we're paying for the defense costs or not paying the defense costs, there is a contract that you're forcing me to live up to or have the potential to litigate some more about later on until I get my remedy in rescission. And I don't think you say in the context of an insurance policy, it isn't live, because insurance policies are always live. There could be somebody who comes later on and said because they had a medical condition and they were in a coma for 50 years, they now are able to assert a claim because they had a tolling during that time period. There are grounds for seeking rescission no matter even if it's six years have gone or whatever. There's no magic number in these contexts. And it is a — it is a live contract, it is a live controversy, and I'm entitled to have rescission because the converse is wait another five or six years and then come back to me when there's another claim, and then we can try to litigate a stale rescission case without the evidence. Now, in this case, I have some evidence that I was able to preserve in deposition, but that shouldn't be the law of the land. That shouldn't be wait many, many years to litigate a rescission case that you now know about as an insurance company because you've uncovered that you've been lied to and you want out of this contract, but we're going to make you stay in that contract for another 10, 20 years until somebody else comes along. Thank you, Your Honor.